UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH ELECTRIC COMPANY D/B/A NSTAR ELECTRIC,<br><br>                  Plaintiff,<br><br>vs.<br><br>THE OKONITE COMPANY,<br><br>                  Defendant. | Civil Action No. 04-cv-11681-RCL |

## ANSWER

Defendant The Okonite Company ("Okonite") hereby answers the Complaint of Plaintiff Commonwealth Electric Company d/b/a NStar Electric ("NStar") as follows:

### Introduction

1.      Okonite admits only (a) that Okonite sold NStar an undersea cable system that runs between the town of Falmouth and Martha's Vineyard, that transmits electricity and high-speed internet service to NStar customers, that was manufactured and installed by Okonite and/or its agents pursuant to the terms of a written agreement executed by the parties in 1994 (the "Agreement"), which is incorporated by reference in the Complaint and this Answer, that the Agreement speaks for itself, and that was designed by in compliance with NStar's request for quotation ("RFQ") and in cooperation with NStar throughout the design process and (b) that there have been four failures, all of which Okonite promptly repaired, and denies the remaining allegations contained in paragraph 1.  Further answering, Okonite states that the Agreement contains an exclusive remedy provision requiring Okonite either to repair or replace the cable, that Okonite has repaired the cable to full working condition each time there has been a failure, and that the life of the cable has not been diminished by the repairs or testing.

**Parties**

2.      Okonite admits the allegations contained in paragraph 2.

3.      Okonite admits the allegations contained in paragraph 3.

**Facts**

4.      Okonite admits the allegations contained in paragraph 4.

5.      Okonite admits that on or about July 1, 1994, it submitted a proposal (the "Proposal"), which speaks for itself, and that the Proposal contains the quoted language.

6.      Okonite admits that it submitted the Proposal, which speaks for itself, and that the quoted language appears in promotional material appended to the Proposal, but denies the remaining allegations contained in paragraph 6.

7.      Okonite admits that from the beginning, the Proposal called for lengths of armored cable to be spliced together to produce the length of cable that NStar required and denies the remaining allegations contained in paragraph 7.  Further answering, Okonite states that it lacks the manufacturing capability, not the technology, to produce a single run of armored cable without splices, that it disclosed from the beginning that it did not have the manufacturing ability to produce one continuous run of cable, that NStar knew, understood, and accepted that the cable Okonite would provide would contain splices, and that NStar was physically present at the fabrication of certain splices.

8.      Okonite denies the allegations contained in paragraph 8.  Further answering, Okonite states that the Proposal speaks for itself and for Okonite's representations.

9.      Okonite admits that it proposed to perform all of the necessary splicing operations at the factory and that it did perform the splicing at the factory, in a clean and controlled environment.  Okonite states that it is without knowledge or information sufficient to

form a belief as to the truth of the allegations as to what was purportedly important to NStar and why and denies the remaining allegations contained in paragraph 9.

10. Okonite admits only that Okonite personnel met with NStar on or about August 19, 1994, but denies the remaining allegations contained in paragraph 10.

11. Okonite admits the allegations contained in paragraph 11.

12. Okonite states that the Agreement speaks for itself and denies that the Agreement obligated Okonite to install the system "such that a long period (40 years) of reliable service could be expected" and any remaining allegations contained in paragraph 12 to the extent they that exceed or mischaracterize the contents of the Agreement. Further answering, Okonite states that the Agreement contains an express, ten-year warranty that speaks for itself.

13. Okonite admits only that the Agreement, which speaks for itself, contains the quoted language, but denies the remaining allegations contained in paragraph 13. Further answering, Okonite states that the ten-year warranty, importantly, includes the following exclusive remedy provision: "The Contractor's sole responsibility under this Warranty shall be to repair or replace any and all defects within the System due to material and workmanship, without charge to the Company."

14. Okonite admits that it designed (with NStar's input), manufactured, and installed the System in accordance with the contract specifications and denies the remaining allegations contained in paragraph 14. Further answering, Okonite states that the only relevant representations and warranties are those contained in the Agreement, which speaks for itself.

15. Okonite denies the allegations contained in paragraph 15 except to admit that soon after installation, the original cable (the "1994 cable") experienced problems such that Okonite immediately accepted its responsibility to manufacture a new cable and did in fact

promptly provide NStar with a newly manufactured second cable ("the Cable"), which is the subject of this Complaint. Further answering, Okonite states that upon information and belief, the 1994 cable is still operable at approximately half capacity and NStar has operated it at approximately half capacity.

16. Okonite admits the allegations contained in paragraph 16.

17. Okonite admits the allegations contained in paragraph 17 except to deny that "[t]he most recent failure occurred within the splicing enclosure and adjacent to a field splice installed by Okonite during the course of a November 2003 repair to a faulty factory splice," that the "nature and location of these failures are indicative of a defect in the design, manufacture and/or installation of both the original factory splices and the replacement field splices," and that the second failure was in November 2000.

18. Okonite denies the allegations contained in paragraph 18 except to admit that each of the three times there was a failure in the cable, Okonite repaired the cable by removing all three splices in the area where the failure occurred and then splicing new cable onto the Cable.

19. Okonite denies the allegations contained in paragraph 19.

20. Okonite denies the allegations contained in paragraph 20 except to admit that the failures have resulted in testing of the entire length of the submarine cable to locate faults and that such testing involved running high voltage through the Cable.

21. Okonite denies the allegations contained in paragraph 21.

22. Okonite denies the allegations contained in paragraph 22.

23. Okonite denies the allegations contained in paragraph 23.

24.   Okonite states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

## Count One
(Breach of Express Warranty—W.C.C.§§2-313 & 2-714(2))

25.   Okonite hereby repeats and incorporates by reference, as if set forth fully here, its answers to paragraphs 1 through 24[1] above.

26.   Okonite states that the allegations contained in paragraph 26 constitute a legal conclusion to which no response is necessary, but to the extent that an answer is required Okonite admits that the Agreement contemplated that Okonite would sell a submarine cable system to NStar, states that the Agreement speaks for itself, and denies any remaining allegations contained in paragraph 26.

27.   Okonite states that the Agreement speaks for itself, admits that the warranty in the Agreement provides, *inter alia*, that for a ten (10) year period commencing with the Date of Acceptance ("Warranty Period"), all of the Submarine/Land/Optical Fiber Cable System ("System") from terminal to terminal will be free from defects, but denies any remaining allegations, including that the quoted language is the only relevant portion of the warranty.

28.   Okonite denies the allegations contained in paragraph 28.

29.   Okonite denies the allegations contained in paragraph 29.

## Count Two
(Breach of Implied Warranty of Merchantability—U.C.C.§§2-314(1) & 2-714(2).)

30.   Okonite hereby repeats and incorporates by reference, as if set forth fully here, its answers to paragraphs 1 through 29 above.

---

[1] Plaintiff mistakenly incorporated paragraphs 1 to 26 into paragraph 25. This erroneous numbering continues in the first paragraph of each count. Okonite assumes that the plaintiff intended only to incorporate the paragraphs preceding the first one in each count. Insofar as necessary, Okonite intends to repeat and incorporate by reference its answers to whichever paragraphs the plaintiff in fact incorporates in each count.

31. Okonite states that the allegations contained in paragraph 31 constitute a legal conclusion to which no response is necessary, but to the extent that an answer is required Okonite admits that the Agreement contemplated that Okonite would sell a submarine cable system to NStar, states that the Agreement speaks for itself, and denies any remaining allegations contained in paragraph 31.

32. Okonite denies the allegations contained in paragraph 32.

33. Okonite denies the allegations contained in paragraph 33.

34. Okonite denies the allegations contained in paragraph 34.

## Count Three
(Implied Warranty of Fitness for a Particular Purpose—U.C.C.§§2-315 & 2-714(2).)

35. Okonite hereby repeats and incorporates by reference, as if set forth fully here, its answers to paragraphs 1 through 34 above.

36. Okonite states that the allegations contained in paragraph 36 constitute a legal conclusion to which no response is necessary, but to the extent that an answer is required Okonite admits that the Agreement contemplated that Okonite would sell a submarine cable system to NStar that NStar would use to transmit electricity and telecommunications, states that the Agreement speaks for itself, and denies any remaining allegations contained in paragraph 36.

37. Okonite denies the allegations contained in paragraph 37.

38. Okonite denies the allegations contained in paragraph 38.

39. Okonite denies the allegations contained in paragraph 39.

## Count Four
(Breach of Express Warranty-Common Law)

40. Okonite hereby repeats and incorporates by reference, as if set forth fully here, its answers to paragraphs 1 through 39 above.

41. Okonite admits the allegations contained in paragraph 41.

42. Okonite denies the allegations contained in paragraph 42.

43. Okonite denies the allegations contained in paragraph 43.

## Count Five
(Fraud)

44. Okonite hereby repeats and incorporates by reference, as if set forth fully here, its answers to paragraphs 1 through 43 above.

45. Okonite denies the allegations contained in paragraph 45 except to admit that it submitted a Proposal in response to NStar's RFQ, that the Proposal speaks for itself, and that the quoted language appears in promotional material appended to the Proposal.

46. Okonite denies the allegations contained in paragraph 46.

47. Okonite denies the allegations contained in paragraph 47.

48. Okonite denies the allegations contained in paragraph 48.

49. Okonite denies the allegations contained in paragraph 49.

## Count Six
(Negligent Misrepresentation)

50. Okonite hereby repeats and incorporates by reference, as if set forth fully here, its answers to paragraphs 1 through 49 above.

51. Okonite denies the allegations contained in paragraph 51.

52. Okonite denies the allegations contained in paragraph 52.

53. Okonite denies the allegations contained in paragraph 53.

## Count Seven
(Breach of Contract)

54. Okonite hereby repeats and incorporates by reference, as if set forth fully here, its answers to paragraphs 1 through 53 above.

55. Okonite denies the allegations contained in paragraph 55.

56. Okonite denies the allegations contained in paragraph 56.

57. Okonite denies the allegations contained in paragraph 57.

58. Okonite states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58.

## Count Eight
(Violation of G.L. c. 93A)

59. Okonite hereby repeats and incorporates by reference, as if set forth fully here, its answers to paragraphs 1 through 58 above.

60. Okonite states that the allegations contained in paragraph 60 constitute a legal conclusion to which no response is necessary, but to the extent that an answer is required Okonite admits the allegation contained in paragraph 60.

61. Okonite denies the allegations contained in paragraph 61.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff fails to state a claim upon which relief can be granted in certain counts of the Complaint.

### Second Affirmative Defense

Some, and perhaps all, of plaintiff's claims are barred by the statute of limitations.

### Third Affirmative Defense

Plaintiff's claims are barred by the doctrine of estoppel.

### Fourth Affirmative Defense

Plaintiff's claims are barred by waiver.

### Fifth Affirmative Defense

Plaintiff's claims are barred by laches.

### Sixth Affirmative Defense

Plaintiff's damages are limited in accordance with the damages limitation clause contained in the Agreement.

### Seventh Affirmative Defense

Plaintiff's contract claims are limited in accordance with the exclusive remedies provision contained in the Agreement.

### Eighth Affirmative Defense

Plaintiff is not entitled to damages for alleged losses sustained by its customers, if any.

## **PRAYER FOR RELIEF**

WHEREFORE, Okonite respectfully requests that this Court:

1. Enter judgment for Okonite favor on all claims;

2. Award Okonite its attorney's fees, costs, and expenses incurred in defending against NStar's claims; and

3. Grant such further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Okonite demands a trial by jury on all counts so triable.

                                        THE OKONITE COMPANY
                                        By its attorney,

                                        /s/ Andrea C. Kramer
                                        Robert E. Sullivan, BBO # 487820
                                            sulli@swmlawyers.com
                                        Scott A. Roberts, BBO #550732
                                            sroberts@swmlawyers.com
                                        Andrea C. Kramer, BBO #632584
                                            akramer@swmlawyers.com
                                        Sullivan Weinstein & McQuay, P.C.
                                        Two Park Plaza, Suite 610
                                        Boston, MA  02116-3902

Dated:   September 24, 2004         617-348-4300