UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2005 FEB 22  A 9: 40

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| COMMONWEALTH ELECTRIC COMPANY D/B/A NSTAR ELECTRIC, | |
| Plaintiff, | Civil Action No. 04-cv-11681-RCL |
| vs. | |
| THE OKONITE COMPANY, | |
| Defendant. | |

## THE OKONITE COMPANY'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, defendant The Okonite Company ("Okonite") moves for summary judgment dismissing all counts of the complaint of plaintiff Commonwealth Electric Company d/b/a NStar Electric ("NStar"). Okonite relies on the pleadings on file in this action, the undisputed facts set forth in The Okonite Company's Statement of Undisputed Facts, the exhibits attached to the Affidavit of Andrea C. Kramer in Support of The Okonite Company's Motion for Summary Judgment, the facts set forth in the Affidavit of James V. Fitzgerald in Support of The Okonite Company's Motion for Summary Judgment, and the arguments set forth in The Okonite Company's Memorandum in Support of Its Motion for Summary Judgment. The grounds for the motion are as follows:

1.  NStar's claims for breach of contract and breach of warranty (Counts I, II, III, IV, and VII) fail because the parties' contract contains an exclusive remedy provision that limits NStar's remedy in case of defect to repair or replacement, and Okonite has fully honored that warranty provision by replacing, at no charge to NStar, every splice that experienced a failure such that the cable is fully functioning and has functioned for the vast majority of time since it

was energized in December 1996. As such, the repair-or-replacement clause has not failed of its essential purposes and NStar, therefore, is limited to that remedy.

2.   NStar's claims for fraud and negligent misrepresentation (Counts V and VI) fail because (a) NStar, a sophisticated commercial entity, cannot prove reliance on Okonite's general statements in advertising concerning the historic performance of its cables, (b) NStar cannot show that such statements are false, (c) NStar has suffered no damages since the cable has functioned for the vast majority of its lifetime and Okonite has fully satisfied its obligations under the exclusive remedy provision, and (d) the claims are barred by the statute of limitations.

3.   NStar's claim for violation of Chapter 93A (Count VIII) fails because this case involves nothing more than a garden variety contract dispute between two highly sophisticated commercial entities that does not rise to a Chapter 93A violation and because the damages limitation provision in the contract bars the claim. Moreover, to the extent NStar's 93A claims may be based on the same set of facts as its negligent misrepresentation and fraud claims, it is likewise barred by the applicable statute of limitations.

Okonite requests, in the alternative, that if the Court does not grant summary judgment on any claim, the Court nevertheless rule that even if NStar succeeds on any of that claim, its damages are limited to the difference between the Cable as warranted and the Cable as provided because NStar's claims for revenue it allegedly lost during times that the Cable was not operational are barred by the limitation of liability provision in the Contract, which bars incidental or consequential damages, either direct or indirect, would nevertheless limit NStar's damages for any claim resulting from any failure in the cable system. As such, even if NStar were successful on any of its claims, the most NStar could recover is the difference between the

value of Cable as warranted and the value of the actual Cable, which NStar has used without incident for most of its lifetime.

WHEREFORE, for these reasons and for the reasons more fully set forth in The Okonite Company's Memorandum in Support of Its Motion for Summary Judgment, Okonite requests that this Court enter summary judgment in its favor and dismissing this action in its entirety.

### Request For Hearing

Okonite requests a hearing on this motion.

THE OKONITE COMPANY

By their attorney,

*/s/ Andrea Kramer*

Robert E. Sullivan, BBO # 487820
sulli@swmlawyers.com
Andrea C. Kramer, BBO #632584
akramer@swmlawyers.com
Sullivan Weinstein & McQuay, P.C.
Two Park Plaza, Suite 610
Boston, MA 02116-3902
617-348-4300

Dated: February 18, 2005

### LOCAL RULE 7.1(a)(2) CERTIFICATION

I certify that I have conferred with plaintiff's counsel in a good faith attempt to narrow or resolve the issues presented by this motion, without success.

*/s/ Andrea Kramer*
Andrea C. Kramer

3