UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH ELECTRIC COMPANY D/B/A NSTAR ELECTRIC,<br><br>               Plaintiff,<br><br>vs.<br><br>THE OKONITE COMPANY,<br><br>               Defendant. | Civil Action No. 04-cv-11681-RCL |

## THE OKONITE COMPANY'S STATEMENT OF UNDISPUTED, MATERIAL FACTS

1.     In February 1995, Defendant The Okonite Company ("Okonite") and Plaintiff Commonwealth Electric Company d/b/a NStar Electric ("NStar") executed a contract (the "Contract") for the purchase and installation of a cable system that included an undersea, electrical cable that would supply electricity to Martha's Vineyard.  Exh. A.[1]

2.     The submarine cable was to be laid between Falmouth and Martha's Vineyard, along the bottom of Nantucket Sound.  Fitzgerald Aff. at ¶5; Exh. A.

3.     The Contract contains an exclusive remedy provision that states:

> [Okonite's] sole responsibility under this Warranty shall be to repair or replace any defects within the System due to material and workmanship, without charge to the Company.  In the event of either repair or replacement of the defective System under this Warranty, [Okonite] shall be responsible for all costs associated therewith, including if necessary marine equipment, labor and materials.

Exh. A, Section 2, § 11.0(N), at OK00285-86.

---

[1]     Citations to "Exh." refer to exhibits attached to the Affidavit of Andrea C. Kramer in Support of The Okonite Company's Motion for Summary Judgment, filed concurrently with this Statement.  "Fitzgerald Aff." refers to the Affidavit of James V. Fitzgerald in Support of The Okonite Company's Motion for Summary Judgment, also filed concurrently with this Statement.

4.    The Contract also contains a limitation of liability provision that states

>   [Okonite] will not be responsible for any incidental or consequential damages whatsoever, either direct or indirect, resulting from a failure of the System.

Exh. A., Section 2, § 11.0(N), at OK00286 .

5.    The Contract further set forth a detailed procedure in case any part of the system, including the submarine cable, experienced any breakdowns.  *Id.*, § 11.0(P), at OK00287-88.

~~5.~~6.    NStar originally requested a ten-year warranty in its Request for Proposal, Exh. B, at OK00065, which Okonite offered in its Proposal, Exh. C, at OK00106.

7.    NStar understood that Okonite offered only a ten-year warranty, per NStar's specifications.  Exh. D, at OK00732 (subparagraph A).

8.    Nevertheless, during negotiation of the Contract, NStar requested an expanded warranty for forty years.  For example, in its draft of the Contract, NStar included a paragraph that provided that "[f]rom the end of the tenth (10th) through the fortieth (40th) year any failure that occurs due to defective material and/or workmanship will be remedied by the Contractor providing replacement cable of the same Specification as defined in this Contract."  Exh. D, at OK00755.

9.    Okonite rejected this request.  Exh. D, at OK00770.  NStar again requested the extended warranty, and again Okonite rejected the request.  Exh. A, D.

10.    Ultimately, the parties agreed to a ten-year warranty and the exclusive remedy and limited liability provisions set forth above.  Exh. A, Section 2, § 11.0(N), at OK00285-86.; Complaint at ¶13.

11.    After execution of the Contract, Okonite manufactured the submarine cable to be installed under the Contract.  Fitzgerald Aff. at ¶12; Complaint at ¶14.

12. The original submarine cable, laid in 1995, did not perform as warranted; Okonite accordingly replaced the cable with a wholly new cable, which is the cable that is the subject of this lawsuit (the "Cable"). Fitzgerald Aff. at ¶12; Complaint, ¶¶14, 15.

13. The parties agreed to apply the Contract, along with its full ten-year warranty, to the new cable (the "Cable"). Exh. E.

14. The Cable was energized in December 1996. Fitzgerald Aff. at ¶17.

15. Since the Cable was energized, three of the fourteen original splices on the Cable have experienced a failure in the transition zone between the splice and the Cable itself, and one of the splice replacements failed. Fitzgerald Aff. at ¶20; Complaint at ¶17.

16. On each of the three occasions since December 1996 that a splice failed, and on the one occasion that a replacement failed, Okonite replaced the failed splice or splice replacement, at no charge to NStar. Fitzgerald Aff. at ¶23.

17. The Cable has been fully operational for the vast majority of time since it was energized in December 1996 and remains fully operational through the present. Fitzgerald Aff. at ¶¶ 24, 30, 31.

                                                              THE OKONITE COMPANY
By their attorney,

 /s/ Andrea C. Kramer
Robert E. Sullivan, BBO # 487820
   sulli@swmlawyers.com
Andrea C. Kramer, BBO #632584
   akramer@swmlawyers.com
Sullivan Weinstein & McQuay, P.C.
Two Park Plaza, Suite 610
Boston, MA  02116-3902
Dated: February 18, 2005           617-348-4300