UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

COMMONWEALTH ELECTRIC CO., d/b/a
NSTAR ELECTRIC,

    Plaintiff,

v.

THE OKONITE CO.,

    Defendant.

No. 04-11681-RCL

## DECLARATION OF DANIEL J. LYNE, ESQ.

I, Daniel J. Lyne, depose and say as follows.

1.     I am a lawyer licensed to practice law in Massachusetts. I represent the plaintiff, Commonwealth Electric Co. ("NSTAR Electric"), in the above captioned action.

2.     I make this declaration under Fed. R. Civ. P. 56(f).

<u>The Discovery Schedule</u>

3.     Attached as Exhibit 1 is a true copy of the Parties' Joint Scheduling Statement, filed on October 27, 2004. As the Statement shows, the parties agreed that discovery would remain open until July 31, 2005, that NSTAR Electric would have until August 31, 2005 to serve its expert report, and that Okonite would have until September 30, 2005 to serve its expert report. The Statement also provided that dispositive motions would be filed on or before January 31, 2006.

4.     Following a scheduling conference on November 3, 2004, the Court adopted these deadlines.

<u>Discovery To Date</u>

5.      To date, each of the parties has served interrogatories and a request for the production of documents on the other. Both parties have responded to these discovery requests. NSTAR has repeatedly requested that Okonite conference on the sufficiency of Okonite's reponses. In particular, and despite repeated requests, Okonite has failed and refused to provide a privilege log. In addition, Okonite's document response raises multiple objections to producing documents that are plainly relevant to this case. <u>See</u> Okonite Response to Plaintiff's First request for Production of Documents and Things, attached as Exhibit 2. For example, Okonite has refused to produce documents relating to the admittedly defective 1995 cable, even though such documents could identify defective manufacturing procedures, including manufacturing quality control issues. <u>See</u> General Objection No. 4. Okonite further refuses to produce internal Okonite documents concerning the negotiation and execution of the Contract. See Response to Requests No. 2-3. Okonite refuses to produce internal Okonite documents concerning the design of the cable system claiming, "The design of the System is not an issue in this case." <u>See</u> Response to Request No. 5. Okonite even objects to producing documents concerning the cable failure, alleging (incredibly) that, "The cause of the Splice Failure is not an issue in this case." <u>See</u> Response to Request No. 7. Okonite also refuses to produce any documents concerning the environmental, underwater or seabed conditions in the Cable area, even though Okonite performed the underwater survey and approved the location. See Response to Requests No. 9-10. Okonite's remaining responses are so elliptical as to strongly suggest that it is selectively producing papers to suit its own needs. <u>See e.g.</u>, Response to Request No. 12.

6.      Okonite's Responses to Plaintiff's First Set of Interrogatories (<u>See</u> Exhibit 3 hereto) are similarly objectionable. Okonite begins by claiming, "… despite extensive

2

investigation, Okonite does not know the cause(s) of the Splice Failures, and it believes that the actual cause(s) of the splice failures cannot be determined. See Response to Interrogatory No. 1. Okonite refuses to identify persons with relevant knowledge, instead directing NSTAR to "the documents concerning the replacement and testing of the splices…" See Response to Interrogatory No. 6. Okonite even objects to answering interrogatories on the ground that, "Information concerning the manufacturing and installation of the 1996 cable is not relevant to this case." See Response to Interrogatory No. 8. Finally, Okonite refuses to identify other submarine cable installations done by Okonite on the grounds that, "cables manufactured by Okonite for other customers for other physical locatiobns are not relevant to this action', and that, "the names of Okonite's customers are irrelevant and proprietary." See Response to Interrogatory No. 9.

7.     On or about February 8, NSTAR Electric served a subpoena duces tecum on Simplex Wire & Cable Co. ("Simplex"), one of Okonite's key subcontractors on the cable project, and the entity responsible for the factory splices that have repeated failed. Dispite repeated promises to produce the requested documents, Simplex has yet to produce anything. NSTAR Electric intends to move to compel a response if it does not hear from Simplex's counsel or receive the documents in the very near future.

<u>The Need For Further Discovery</u>

8.     NSTAR Electric has requested a discovery conference on the sufficiency of Okonite's discovery responses. It first made the request on February 14. For a variety of reasons, including an illness of Okonite's counsel and a death in my family, the conference has been put off several times. NSTAR Electric believes that formal motion practice will be required to

address these issues. NSTAR Electric also awaits the Simplex document production. NSTAR Electric cannot begin depositions until these discovery deficiencies are remedied.

9. NSTAR Electric intends to depose Okonite and Simplex witnesses involved in the design, manufacture, testing, location, laying and repair of the Cable at issue. Depending on the result of motion practice, NSTAR Electric intends to depose witnesses on other Okonite submarine cable systems that have experienced failures, and the reasons for those failures.

9. NSTAR Electric intends to depose Okonite's expert witness on the issues of causation of the cable failures, and the impact of cable repairs and testing on the reliability and life span of the cable. As argued more fully in NSTAR Electric's memorandum in opposition to the motion for summary judgment, these matters are vital to a decision on the breach of warranty and misrepresentation claims and to the statute of limitations defense Okonite has raised. As the memorandum argues, all of these claims and defenses are fact-intensive. However, under the Court's scheduling order, NSTAR Electric cannot even begin to depose Okonite's expert witness, as it is entitled to do under Rule 26(b)(4)(A), until after September 2005, when Okonite is required to disclose its expert report.

10. Without the above discovery, I believe NSTAR Electric is materially prejudiced in its ability to respond and defend against Okonite's Motion for Summary Judgment.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 4, 2005.

/s/ Daniel J. Lyne_____
Daniel J. Lyne

426535