# THE MARTHA'S VINEYARD COMMISSION

BOX 1447 • OAK BLUFFS
MASSACHUSETTS 02557
(508) 693-3453
FAX (508) 693-7894

RECEIVED

MAR 13 1996

MEPA

Secretary Trudy Coxe
Executive Office of Environmental Affairs
100 Cambridge Street, 20th Floor
Boston, MA 02202

Attn:  MEPA Unit   Doug Vigneau

Re:  Commonwealth Electric 23 kV Submarine Cable
     EOEA no. 8683

March 11, 1996

Dear Secretary Coxe,

The Martha's Vineyard Commission will submit some staff comments at this time, and reserves the option to submit additional staff comments following the March 21 public input session.

There is an inaccuracy in the NPC document, on page 6, regarding MVC review. The NPC states "Commonwealth Electric has reviewed the technical information and preferred project alternative with the MVC...The MVC has indicated that they see no need for further MVC review or action on the proposed project change". In fact, the project has never been reviewed by the MVC, because it was never referred for review. The Tisbury or Oak Bluffs Conservation Commission or Board of Selectmen may have referred/may refer the project as a Development of Regional Impact, but none has chosen to do so, to date. MVC staff routinely submit staff comments for MEPA filings, and previous staff may possibly have commented. Because we have no record of such comment, however, that is unlikely. Last year, a Commonwealth Electric representative came to the office and compared base maps with a staff person from MVC. Commonwealth Electric did not "review the technical information and preferred project alterative with the MVC", as stated in the Notice of Project Change. The full Martha's Vineyard Commission has not had the opportunity to review the project and will only do so upon referral by one of the towns. The question of MVC review was discussed at the Special Meeting of the MVC on October 12, 1995, which meeting was attended by Peter Dimond, Michael Bettencourt, Steve Wood, Dave Logan, Bob Eldredge, Jim Keane and Russ Wright, of Commonwealth Electric. The minutes from that meeting reflect the MVC's position regarding review..."Ms. Wild indicated that she believed that the MVC attorney had determined that the cable issue should have been referred to the MVC. Mr. Clifford noted that neither of the local conservation commissions had referred the matter. Ms. Wild then

NST000569

asked if COMElectric, as a matter of procedure, should have gone through the MVC whether there was a referral or not. Mr. Clifford explained that there needed to be a referral and that there was no self referral clause in the legislation. Ms. Wild then asked what the position was today with respect to the lack of MVC referral. Mr. Clifford indicated that there was no position change at all."[1] If and when the MVC receives a referral, there will follow full review of the project as a Development of Regional Impact, for approval, approval with conditions, or denial.

The proposed burial procedure does not appear to present problems of environmental impacts. There is one question regarding the burial procedure. Should the buried cable fail, does Commonwealth Electric propose to retrieve and repair it? How? The impacts of that procedure could be considerably different than those associated with the burial procedure.

Regarding the impacts to navigation, the most significant comments will come from the pilots and others most familiar with those impacts on a day to day basis. At the October 12, 1995 MVC meeting, there was much negative comment regarding the proposal aired at that meeting, which was to bury the cable to a depth of 6'. Many of those comments indicated that the 6' depth would be insufficient to protect the anchoring interests. Captain Bruce Fisher, Northeast Marine Pilots, District 3 Mass., considered that 6' would be inadequate and, when asked, said that 20' or more would be appropriate. Jamie Douglas, First Mate, Shenandoah, indicated that 8-10' would seem reasonable. All other comments referred to the proposed depth of burial of 6'. Regarding the impacts to navigation, it is most important to hear from the pilots regarding the appropriateness of the newly proposed depth of 10', as well as the appropriateness of the lateral extent of burial of 4000' from the Oak Bluffs landfall. Would this lateral extent of burial (roughly to just outside a line drawn between the outer ends of the "chops"), be adequate to accommodate the large cruise ships which anchor off East Chop?

Thank you for this opportunity to comment. Because the public session will not take place until March 21, MVC reserves the option to submit additional staff comments following the public session.

Sincerely,

*Jo-Ann Taylor*

Jo-Ann Taylor
Coastal Planner

---

[1] Martha's Vineyard Commission, October 12, 1995 meeting minutes

NST000570