UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH ELECTRIC COMPANY D/B/A NSTAR ELECTRIC,<br><br>               Plaintiff,<br><br>vs.<br><br>THE OKONITE COMPANY,<br><br>               Defendant. | Civil Action No. 04-cv-11681-RCL |

**THE OKONITE COMPANY'S OPPOSITION TO
PLAINTIFF'S STATEMENT OF DISPUTED MATERIAL FACTS IN
<u>OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

Defendant The Okonite Company ("Okonite") submits this opposition to Plaintiff's Statement of Disputed Material Facts in Opposition to Defendant's Motion for Summary Judgment insofar as the assertions made by Plaintiff Commonwealth Electric Company d/b/a NStar Electric ("NStar") in that Statement (1) violate Rule 56 and Local Rule 56.1 by asserting conclusions and offering speculation rather than providing specific facts, (2) are not material to any genuine issue in this case, and (3) are misleading in the way they are presented, as detailed below:

     (1)    Okonite objects to the following paragraphs on the ground that they are mere conclusory assertions or speculation and do not set forth any admissible "material facts of record" as required by Local Rule 56.1: Paragraphs 7, 8, 10, 28, 29, 30, and 31.

     (2)    Okonite objects to the following paragraphs on the ground that they are immaterial to any genuine issue in this case, as explained in The Okonite Reply To Plaintiff's

Opposition To The Okonite Company's Motion For Summary Judgment: Paragraphs 4, 10, 24, 25 (on page 6), 26 (on page 6), 25 (on page 7), 26 (on page 7), and 27.

  (3) Lastly, Okonite objects to the following paragraphs on the ground that they are misleadingly presented and/or do not include a sufficient amount of the quote:

- Paragraph 4 – There is more language on the quoted page that is relevant to the extent that the quotation itself is relevant. The additional language is as follows:

> The benefit of this approach is that the cable remaining on the barge, after the installation is complete, will be the spare cable required by Commonwealth Electric and sized as the 3/C 500 MCM. In this case, the spare cable can be easily used in the future for emergency repairs for either the 3/C 350 MCM or 3/C 500 MCM cable. The spare splice kits will include connectors for both 500 MCM to 500 MCM or 350 MCM to 500 MCM cable sizes.

<u>Exh. 1</u> to Szatek Decl. at OK 00240.

- Paragraph 5(a) – NStar states that the quoted language concerns Okonite's "product," misleadingly suggesting that it concerns the specific cable at issue in this case (the "Cable"). Rather, the quoted material concerns Okonite's products in general and states in full:

> Additionally, the use of statistical process control and inspection procedures have been put in place so that today the Okoguard cables produced by Okonite are of the highest quality and uniformity in the industry. This is borne out by the outstanding track record of the Okoguard system in various applications, such as nuclear and fossil plants, submarine cable, and all types of industrial applications. … This long, trouble-free in-service record is unmatched by any other medium-voltage cable system whether is utilizes EP or XLPE as its insulation.

<u>Exh. 2</u> to Szatek Decl. at NST 000171.

- Paragraph 5(b) – NStar's characterization of the quote is misleading insofar as it suggests that Okonite represented that it subjected the Cable to the specified testing. The quoted material concerns testing on samples and states in full:

> At the Conductor Products laboratory (CPI) in Marshall, Texas, samples of 1/0 15kV Okoguard cables have been subjected to continuous testing at

> four (4) times rated voltage to ground (35kV), and load cycled to 90°C each and every day. To date these samples have withstood this severe testing protocol for well over 1100 days without any failure.

Exh. 3 to Szatek Decl. at NST 000176.

- Paragraph 5(c) – NStar's characterization of the quote is misleading insofar as it suggests that Okonite represented that it subjected the Cable to the specified testing. The quoted material concerns testing on samples and states in full:

> Both of the above independent test programs severely stressed the Okoguard insulation system and did not record any failures after over **4-1/2 years of accumulated testing time**. (Emphasis in original.)

Exh. 3 to Szatek Decl. at NST 000176.

- Paragraph 5(d) – NStar's characterization of the quote is misleading insofar as it suggests that statement concerns the Cable. As with the previous two quotes, this quote concerns Okonite's EPR products in general. Exh. 3 to Szatek Decl. at NST 000177.

- Paragraph 5(e) – NStar's characterization of the quote is misleading insofar as it suggests that the statement concerns the Cable. The quoted statement is contained in an exhibit to Okonite's Bid, and is a general advertising statement concerning the historic quality of Okoguard, not a promise concerning the Cable. Exh. 4 to Szatek Decl. at NST 000186.

- Paragraph 5(f) – NStar's characterization of the quote is misleading insofar as it suggests that statement concerns the Cable. This statement is contained in an exhibit to Okonite's Bid, and is a general advertising statement concerning the historic quality of Okoguard, not a promise concerning the Cable. Exh. 4 to Szatek Decl. at NST 000188.

- Paragraph 13 – NStar's portrayal of this statement as an obligation is not legally correct, for the reasons set forth in Okonite's Reply. The statement is contained in NStar's Request for Bid, which is Exhibit A to the Contract and not part of Section 2 – General Terms

and Conditions, as NStar misleadingly makes it appear by omitting the intermediary pages, OK 00293-298, (a copy of which is attached to this Opposition as Exhibit I).

- Paragraph 14 – The quoted language of the warranty is not the only "pertinent part." The pertinent part is as follows:

> The Contractor warrants to the Company, for a ten (10) year period commencing with the Date of Acceptance ("Warranty Period"), all of the Submarine/Land/Optical Fiber Cable System ("System") from terminal to terminal, will be free from defects in material and workmanship provided the System is employed under conditions contemplated and covered by the design specifications, and provided further that the System is maintained and operated in accordance with the Contractor's recommended standards and procedures. …
>
> The Contractor's sole responsibility under this Warranty shall be to repair or replace any and all defects within the System due to material and workmanship, without charge to the Company. In the event of either repair or replacement of the defective System under this Warranty, the Contractor shall be responsible for all costs associated therewith, including if necessary marine equipment, labor and materials. …
>
> The Contractor will not be responsible for any incidental or consequential damages whatsoever, either direct or indirect, resulting from a failure of the System.

Exh. 7 to Szatek Decl. at OK 00285.

- Paragraph 16 – The sentence includes an indisputably erroneous date (June 30, 2005). Presumably, NStar meant June 30, 1995.

THE OKONITE COMPANY
By their attorney,

 /s/ Andrea C. Kramer
Robert E. Sullivan, BBO # 487820
    sulli@swmlawyers.com
Andrea C. Kramer, BBO #632584
    akramer@swmlawyers.com
Sullivan Weinstein & McQuay, P.C.
Two Park Plaza, Suite 610
Boston, MA  02116-3902
617-348-4300

Dated:  April 28, 2005