HK  **Hanify&King**

THEODORE J. FOLKMAN
Direct Dial: 617-226-3451
Direct Fax: 617-305-0651
Email:      tjf@hanify.com

May 18, 2005

**(BY FACSIMILE and REGULAR MAIL)**

Andrea Kramer, Esq.
Sullivan, Weinstein & McQuay, P.C.
Two Park Plaza, Suite 610
Boston, Mass. 02116

Re:   <u>Commonwealth Elec. Co. v. Okonite Co., Civ. A. No. 04-11681</u>

Dear Andrea:

At our discovery conference of April 20, Dan and I told you we would respond to certain points you raised with respect to the adequacy of NSTAR Electric's discovery responses. This letter contains our responses to your points.

1. I confirm that NSTAR Electric has not withheld any documents responsive to Requests 12, 13, 20, 22, 50, and 77 solely on the grounds you raised in our discussions, which are memorialized in my letter to you of April 20.

2. I confirm that NSTAR Electric is not seeking lost revenues as an item of damages. I will assume, unless you tell me otherwise, that in light of this confirmation you will not seek production of documents responsive to Requests 66, 67, 69, and or 70.

3. I await your written restatement of Request 51, and as we discussed in the discovery conference, NSTAR Electric's objection to Request 71 will turn on the Court's resolution of the pending motion to compel.

4. You challenged the adequacy of NSTAR Electric's response to Interrogatory 9 on the grounds that the response did not fully answer the interrogatory in light of the definition of "state the basis" in the Local Rules. Our position is that NSTAR Electric's response was sufficient, because: (a) NSTAR Electric did not rely on any documents in drafting the allegation of Paragraph 9; (b) The only communications on which NSTAR Electric relied are statements by NSTAR employees to counsel, which are privileged and not subject to disclosure; and (c) given

Professional Corporation
Counsellors at Law

One Beacon Street
Boston, Massachusetts 02108-3107
Tel  617-423-0400
Fax  617-423-0498
www.hanify.com

**HK   Hanify&King**

Andrea Kramer, Esq.
May 20, 2005
Page 2

the nature of the allegation of Paragraph 9, no acts or omissions to act form any part of NSTAR Electric's information concerning the allegation.

    5.    You also challenged the adequacy of NSTAR Electric's objections to Interrogatories 5, 15, 17, 21, 22, 23, 24, 25, 26, and 32. We have considered your position, but we believe our objections are well-founded and will maintain them.

    6.    You challenged the adequacy of NSTAR Electric's responses to Interrogatories 8 and 11 on the grounds that the response did not fully answer the interrogatory in light of the definition of "state the basis" in the Local Rules. We are working to prepare a response to your points, but I am not yet in a position to respond.

I understand from our conversation of earlier this week that you intend to provide me with a response similar to this by next Tuesday, and in any case no later than next Friday. I look forward to receiving it.

Sincerely,

Theodore J. Folkman

430653
cc:    Daniel J. Lyne, Esq.