**SULLIVAN WEINSTEIN & MCQUAY**
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

ANDREA C. KRAMER
(617) 348-4380
AKramer@swmlawyers.com

July 8, 2005

**By Fax and First-Class Mail**

Mr. Theodore Folkman
Hanify & King
One Beacon Street
Boston, MA 02108

   Re: Commonwealth Electric Company d/b/a/ NStar v. The Okonite Company;
      Civil Action No. 1:04-CV-11681 (RCL)

Dear Ted:

  This letter addresses three of NStar's interrogatory responses that we consider to be unacceptable under the rules but which we did not discuss in our last conference. It also addresses five issues we previously discussed that need final resolution.

  Please respond to this letter by Tuesday, July 12 at the latest as to whether you will amend your answers. You can do so by telephone or letter. This letter and your response, whether written or oral, will constitute our required conference. Your failure to respond will be considered a refusal to agree to my requests.

  The three responses that were not previously addressed are as follows:

  1. Response No. 14. In your response, you state that "Okonite may have made oral representations or warranties to NSTAR Electric or its employees or agents that NSTAR Electric has not yet discovered in the course of its internal investigation."

  2. Response No. 31. In your response, you state "Okonite may have made oral statements or representations to NSTAR Electric or its employee or agents that NSTAR Electric has not yet discovered in the course of its internal investigation."

  3. Response No. 36. In part B to your response, you state "NSTAR Electric is in the process of determining whether it consulted with other third parties and will supplement this response as required.

  These responses are unsatisfactory. It is now nearly six months since NStar served its responses to Okonite's interrogatories, which is a sufficiently long enough period to have undertaken the internal investigations required to answer these interrogatories, especially in

Theodore Folkman, Esq.
July 8, 2005
Page 2

conjunction with the approximately 6- days NStar took to answer the interrogatories. NStar had an affirmative obligation to investigate fully its responses to these interrogatories. That should have been done during the time before NStar served its responses. In any event, the internal investigation certainly should be complete by now. NStar also has an affirmative obligation to state that it has provided all the information it has in its possession, custody, or control that is responsive to the interrogatory. It cannot leave its options open and then sandbag Okonite after discovery ends. That is exactly the type of game-playing that the federal rules are designed to prevent. To be clear, NStar's statement in each of these responses is that it cannot answer fully because it has not discovered all the information in its own possession, custody, or control, not because it needs outside discovery. NStar must do that internal discovery – and indeed should have done it long ago. Okonite has an absolute right to know *during* the discovery period what statements NStar claims it relied on and what consultations NStar undertook. You cannot use your own failure to find those statements to spring statements on Okonite after discovery is over. This is one of those cases that you must state it now or forever hold your peace, subject to the court's allowance, if any, to amend your answer and permit additional discovery on the issue.

Accordingly, I request that you please either amend your response to state (1) for Nos. 14 and 31, *all* the oral and written representations or warranties that you reference in the complaint and (2) the identity (as the local rules define that term) of all third parties that NStar consulted concerning the topics listed in Request No. 36, or let me know that you are refusing to do so.

The five issues I am following up on are as follows:

1.      Per our earlier discussions, in my June 23, 2005 letter I restated/revised Okonite's Request for Production of Documents No. 51. Please indicate when, if at all, NStar will respond to that request.

2.      Are you maintaining your position as to Document Requests Nos. 69 and 70? I explained in my June 23 letter that your restating of my position was erroneous. Now that I've clarified it, is NStar's position the same or different? Please let me know by Tuesday, July 12 so that we may act accordingly.

3.      For interrogatory No. 19, you agreed in April to consult with your client to confirm whether on-Island power was generated by NStar or another company. If you do not respond by Tuesday, July 12, it will constitute a refusal by NStar to provide that information, and we will move to compel.

4.      In your May 18, 2005 letter, you stated that you are working to prepare a revised response to Interrogatories Nos. 8 and 11 but are "not yet in a position to respond." It is now seven weeks since then – when will you be in a position? More to the point, I must have your revised answer by Tuesday, July 12, 2005 or I will have no choice but to move to compel.

5.      In your April 20, 2005 letter you agreed to provide a date by which you would complete NStar's answer to Interrogatory No. 18. You also agreed to consider my request to

Theodore Folkman, Esq.
July 8, 2005
Page 3

state the basis for NStar's allegations concerning costs incurred by NStar's customers. I requested that date in my June 23, 2005 letter. At this point, we must have the complete answer and a response by July 12 or we will move to compel.

　　　　Lastly, one final issue: as you know, the rules require that the documents be produced either as they are kept in the normal course of business or by the request to which they are responsive. Though I have tried, I cannot tell what the order is for the documents you produced. Would you please explain the organization?

　　　　　　　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　　　　　　　*Andrea Kramer*
　　　　　　　　　　　　　　　　　　Andrea C. Kramer

cc: Frank Giuliano, Esq.